**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

APR 20 2026

KEVIN P. WEIMER, Clerk
By:                    Deputy Clerk

**SHARON ROMULUS, Pro se**
Plaintiff

v.

**MIA HADLEY, individually**
Defendant

**Civil Action No. 1:25-cv-00513-MLB**

**AMENDED COMPLAINT FOR CIVIL RIGHTS VIOLATIONS
(42 U.S.C. § 1983)**

## I. JURISDICTION AND VENUE

1. This action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983.
2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343.
3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because the events giving rise to these claims occurred in Henry County, Georgia.

## II. PARTIES

4. Plaintiff Sharon Romulus is a resident of Spalding County, Georgia. At all times relevant to the allegations in this complaint, Plaintiff was a resident of Henry County, Georgia.
5. Defendant Mia Hadley was at all relevant times a DFCS investigator acting under color of state law and is sued in her individual capacity.

## III. FACTUAL ALLEGATIONS

6. On August 16, 2023, a DFCS investigation was initiated involving Plaintiff's ex-husband following a report made by a school.
7. Plaintiff was not residing in the home at the time the investigation began.
8. On August 29, 2023, Plaintiff returned to the home.
9. On August 30, 2023, Defendant requested Plaintiff's bond modification papers.

10. On September 3, 2023, Defendant required Plaintiff to undergo a psychological evaluation and parental assessment.
11. On September 9, 2023, Defendant referred Plaintiff to a provider for the evaluation.
12. On September 13, 2023, Defendant told Plaintiff that police were at her home investigating child abuse; Plaintiff later confirmed with law enforcement that no officers had been dispatched.
13. On September 15, 2023, Defendant entered Plaintiff's home and stated that a hotline report existed against Plaintiff.
14. On September 15, 2023, Defendant directed Plaintiff to leave her home immediately without presenting a warrant or court order.
15. The plaintiff left the home.
16. On September 15, 2023, the investigation involving the ex-husband was determined to be unsubstantiated.
17. Defendant did not inform Plaintiff of that determination at that time.
18. On September 23, 2023, Defendant required Plaintiff to obtain a supervisor within one hour in order to remain in the home.
19. Defendant stated that the children would be removed if Plaintiff did not comply.
20. Plaintiff obtained a supervisor.
21. Defendant removed the children from the home and placed them in a motel with their father.
22. Defendant stated she was unable to come to the residence that night to sign a new safety plan.
23. On September 24, 2023, the children returned home without a safety plan.
24. Defendant did not appear to complete a safety plan that day.
25. Defendant did not communicate with Plaintiff for several days following these events.
26. On October 3, 2023, Defendant informed Plaintiff of a scheduled meeting.
27. On October 4, 2023, a meeting was held and it was determined that both parents could remain in the home with a monthly check-in supervisor.
28. Plaintiff provided the name of a supervisor.
29. On October 10, 2023, a DFCS supervisor informed Plaintiff that there was no substantiated abuse and that Plaintiff was removed from the case.
30. During that communication, Plaintiff was told to stop contacting a Senator's office.
31. On October 12, 2023, Defendant sought a juvenile court protective order against Plaintiff.
32. On October 19, 2023, Defendant made a referral for domestic violence services involving Plaintiff.
33. On December 6, 2023, a court granted the protective order based on testimony from Defendant.
34. Plaintiff experienced loss of parenting time, emotional distress, and financial harm following these events.

## IV. CLAIMS FOR RELIEF

**COUNT I** – Procedural Due Process (Fourteenth Amendment) (Against Defendant Hadley in her individual capacity)

35. This claim is based on paragraphs 13–17 and 18–23.
36. Plaintiff had a protected liberty interest in the care and custody of her children.
37. Defendant required Plaintiff to leave her home without a warrant or court order.
38. Defendant removed the children without a warrant or court order.
39. Defendant imposed conditions on Plaintiff's custody without a court order.
40. These actions were taken without prior notice or a hearing.
41. Defendant deprived the Plaintiff of due process of law.
42. Parents have a fundamental liberty interest in the care and custody of their children.
43. Government officials may not interfere with that interest without due process of law. See Troxel v. Granville, 530 U.S. 57 (2000).

**WHEREFORE,** Plaintiff seeks for Count I:

(a) Compensatory damages;

(b) Punitive damages;

(c) Any additional relief the Court deems appropriate.

**COUNT II** – Unreasonable Seizure (Fourth Amendment) (Against Defendant Hadley in her individual capacity)

44. This claim is based on paragraphs 14–15 and 21.
45. Defendant caused Plaintiff to leave her home without a warrant.
46. Defendant removed the children from the home without a warrant.
47. No court order or exigent circumstances were presented to Plaintiff at the time.
48. No exigent circumstances existed, including because the investigation had already been determined to be unsubstantiated.
49. These actions constituted an unreasonable seizure.
50. The Fourth Amendment prohibits unreasonable seizures absent a warrant or exigent circumstances. See Doe v. Heck, 327 F.3d 492 (7th Cir. 2003).

**WHEREFORE,** Plaintiff seeks for Count II:

(a) Compensatory damages;

(b) Punitive damages;

(c) Any additional relief the Court deems appropriate.

**COUNT III** – First Amendment Retaliation (Against Defendant Hadley in her individual capacity)

51. This claim is based on paragraphs 29–32.
52. Plaintiff engaged in protected activity by contacting a government official.
53. On October 10, 2023, a DFCS supervisor instructed Plaintiff to cease contacting that office.
54. Defendant was aware of Plaintiff's protected activity.
55. Shortly after Plaintiff engaged in this protected activity and was instructed to cease such contact, Defendant sought a juvenile court protective order against Plaintiff and made a referral for domestic violence services involving Plaintiff.
56. Defendant's actions would deter a person of ordinary firmness from engaging in protected speech.
57. Defendant acted in response to Plaintiff's protected activity.
58. Government officials may not take adverse action in retaliation for protected speech. See Bennett v. Hendrix, 423 F.3d 1247 (11th Cir. 2005).

**WHEREFORE,** Plaintiff seeks for Count III:

(a) Compensatory damages;

(b) Punitive damages;

(c) Any additional relief the Court deems appropriate.

## V. RELIEF REQUESTED

(a) Compensatory damages;

(b) Punitive damages;

(c) Cost of litigation;

(d) Any additional relief the Court deems appropriate.

## VI. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

## VII. SIGNATURE AND VERIFICATION

I declare under penalty of perjury that the foregoing is true and correct.

Sharon Romulus
859 Park Pointe Dr, 332
Griffin, GA 30224



**USPS CERTIFIED MAIL**

9214 8901 4298 0475 5314 68

0013808005000011
Clerks Office
United States District Court Northern District of Georgia
75 Ted Turner Drive, SW Room 2211
Atlanta, GA 30303

# See Important Information Enclosed

## CERTIFIED MAIL ™

FIRST-CLASS MAIL
U.S. POSTAGE AND
FEES PAID
LETTERSTREAM

APR 20 2026

U.S. Marshals Service
Atlanta, GA 30303



U.S. Marshals Service
Atlanta, GA 30303
003    CTGVAP1  30303

